UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| FRANCISCO BARAJAS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:14-CR-42-CLC-CHS-1 |
| | ) | | 1:16-CV-225-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**<u>MEMORANDUM OPINION</u>**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 90]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Also before the Court are the United States' two requests for an extension of time to file a response [Docs. 93, 95], the United States' response in opposition filed simultaneously with the latter motion [Doc. 94], and Petitioner's request for an extension of time to file a reply [Doc. 97]. For the reasons that follow, the United States' requests for an extension [Docs. 92, 95] will be **GRANTED nunc pro tunc**, Petitioner's motion for an extension [Doc. 97] will be **DENIED as moot**, and the § 2255 motion [Doc. 90] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.     BACKGROUND**

In 2014, Petitioner pleaded guilty to conspiring to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 44]. Based on the quantity of drugs, a two-level firearms enhancement, and a three-level enhancement for

acceptance of responsibly, the United States Probation Office assigned Petitioner a total offense level of thirty-five with a corresponding Guideline range of 168 to 210 months' imprisonment [Presentence Investigation Report (PSR) ¶¶ 27, 32, 33, 39–41, 45, 58, 59]. The Court sentenced Petitioner to 169 months' imprisonment on December 3, 2014 [Doc. 44].

Seven years later—on June 20, 2016—Petitioner submitted the instant motion seeking collateral relief in light of the *Johnson* decision [Doc. 90].

## II. REQUESTS FOR EXTENSION

In addition to the pro se petition, the Court is in possession of the United States' two requests for an extension of time to respond [Docs. 93, 95]. The first requests leave to file a response on or before August 26, 2016, and the second—filed contemporaneously with the response in opposition—seeks an extension until September 6, 2016. The United States cites the significant number of *Johnson*-based post-conviction challenges, heavy caseload of the appellate division responsible for responding to those petitions, and fact that the same submitted sixty-five responses during the period between its requests as justifications for the delay [*Id.*]. For good cause shown, the United States' request for an extension will be **GRANTED nunc pro tunc** and the response in opposition to relief it submitted on September 6, 2016 will be treated as timely.

Petitioner filed a pro se request for an extension of time to reply on September 19, 2018 [Doc. 97]. In that request, he asks for "a thirty-day extension, up to and including October 10, 2016 in which to file [a reply]" [*Id.*]. More than five months have passed and Petitioner has still not filed a reply to the United States' response. As a result, his request will be **DENIED as moot**.

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient for categorization as an armed career criminal under § 924(e), enhancement as a career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or application of an enhanced base offense level under Section 2K2.1 of the same fails because the record conclusively demonstrates that he was never subjected to these provisions [PSR ¶¶ 27, 32, 33, 39–41, 45, 58, 59].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

To the extent that Petitioner complains about a "career offender enhancement" allegedly based on a 1997 felony conviction [Doc. 91 pp. 4–8], there is no evidence of such an enhancement anywhere in Petitioner's PSR or CM/ECF record. To the extent Petitioner complains about the two-level firearms enhancement under Section 2D1.1(b)(1) [PSR ¶ 33], he has not provided any basis for the Court to question the propriety of its decision to apply that provision in his case.

V.     CONCLUSION

For the reasons discussed, the United States' requests for an extension [Docs. 92, 95] will be **GRANTED nunc pro tunc**, Petitioner's motion for an extension [Doc. 97] will be **DENIED as moot**, and the § 2255 motion [Doc. 90] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

4

certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

    **/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**